## STEVE KILLMAN v. THE STATE.

### No. 3681. Decided May 20, 1908.

**1.—Local Option—Elections.**

Where upon trial of a violation of the local option law the questions raised on appeal, as to the validity of the local option election, had been adjudicated as to the alleged territory, there was no error.

**2.—Same—Charge of Court.**

Where upon trial of a violation of the local option law the court charged that local option was in effect, and also properly defined a sale, and besides submitted defendant's theory of his defense there was no error.

**3.—Same—Charge of Court—Sale.**

Where upon trial of a violation of the local option law the evidence showed in view of all the circumstances an open violation of the law, the court correctly refused a requested charge combining the law of mutual mistake and in a measure the doctrine in a local option case of treating the matter of sale from the defendant's standpoint.

**4.—Same—Cumulative Punishment—Practice on Appeal.**

Where upon appeal it appeared that appellant was convicted in two cases of a violation of the local option law, and that the clerk had failed in the court below to make the imprisonment assessed cumulative, the motion by the State to amend the judgment in the Court of Criminal Appeals so as to make the sentence cumulative could not be entertained.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and thirty days confinement in the county jail.

The opinion states the case.

*Harrison & Wayman,* for appellant.—On the question of refusing defendant's special charge: Mills v. State, 82 S. W. Rep., 1045; Bennett v. State, 34 S. W. Rep., 936; Clark v. State, 34 Texas Crim. Rep., 131; Thompson v. State, 34 S. W. Rep., 937; Finley v. State, 47 S. W. Rep., 1015; Ladwig v. State, 40 Texas Crim. Rep., 585; 51 S. W. Rep., 390.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged in the County Court of Brown County, with the unlawful sale of intoxicating liquors in said county in violation of the local option law. On trial he was convicted and now appeals to this court and seeks a reversal of said judgment of conviction.

1. Most of the questions raised on the appeal relate to the supposed invalidity of the local option election held in Brown County. These matters have all been fully considered and ruled adversely to appellant in the Jerry Green cases, decided at the present term of this court, and need not be further considered now.

2. The charge of the court, taken in connection with special charge No. 1, given at the request of appellant's counsel, was a fair submission of the issues involved in the prosecution. In the general charge of the court the jury were informed that local option was in force in Brown County on the 6th day of March, 1906, and that it had been in force more than a year prior thereto. It defined clearly and correctly what was meant by the word "sale" and then charged the jury that if they believed from the evidence beyond a reasonable doubt that the defendant, in Brown County, Texas, on or about the 10th day of March 1907, did unlawfully sell intoxicating liquors to J. S. Blagg, as charged, then they would find appellant guilty and assess his punishment as prescribed by law. The court also gave at the request of appellant's counsel the following special instruction: "You are instructed that it is no violation of the local option law for a person to order whisky for another and pay for it for such other person with money furnished by such person. And, if you believe from the evidence that the money, if any, given by the witness Blagg to the defendant, if the said witness ever gave the defendant any money, was used by the defendant, or others to pay for whisky ordered by defendant, for said witness Blagg, or if you have a reasonable doubt thereof you will return a verdict for the defendant." On the trial the appellant requested the court to instruct the jury in substance that "in order for the transaction in evidence to constitute a sale, the minds of the defendant and the witness Blagg must have met in

an agreement, express or implied, on the part of the appellant to sell and on the part of the witness Blagg to buy the whisky testified about, at or before the delivery of the whisky by appellant to said Blagg. Now, even though you should find that the witness Blagg understood from said transaction that he was paying for the whisky that he got from the defendant, if any, still, if you further find that defendant did not so understand and that he was selling said whisky to the witness, but honestly believed said whisky to belong to the prosecuting witness, you will find the defendant not guilty." This is in effect a charge combining the law of mutual mistake and in a measure the doctrine in a local option case of treating the matter of sale from the defendant's standpoint. We think such a charge was not called for by the facts of the case, but would have been both misleading and confusing, and considered in connection with the court's general charge, as enlarged by the special charge given, the court did not err in refusing same. The facts in the case briefly showed that about the date named in the information, J. S. Blagg bought a bottle of whisky from the appellant; that he went to his place of business, got a pint of whisky and at the same time laid down 75 cents on the counter, took the whisky and walked out of his place of business. On cross-examination Blagg stated that a short time previous to this he had gone to appellant's clubroom and made a written order for a quart of whisky and at the same time paid appellant $1.50, or $1.75 for it; that soon after this he got this bottle of whisky. Blagg further testified that at the time he made this written order he told appellant that he wanted to join the club and instructed appellant to keep a standing order for him—that is, never let him get out of whisky; that when he came in to get whisky from time to time, he wanted another bottle of whisky ordered to take its place. He testified further that when he went back to appellant's club he got a pint bottle of whisky and put 75 cents on the counter and that he does not know whether the whisky he got at this time was his own whisky or not. The appellant testified in his own behalf, in substance, that sometime prior to March, 1907, Blagg came to his club and told him he wanted to join same and gave him $1.50 and told him to order him a quart of whisky; that soon after this Blagg came in after his whisky and told him that he wanted to put it in a bottle that he could carry home with him in his pocket; that he filled a short quart out of a full quart that had been ordered for Blagg and delivered it to him and that after filling the short quart there was still a part of the whisky in the original bottle containing Blagg's whisky; that Blagg at another time soon after this gave another order for whisky and paid him $1.50 for it; that this was a verbal order; that he did not remember whether Blagg paid him 75 cents in taking away the pint of whisky as testified to by him; that he never delivered to the witness Blagg any whisky except that which belonged to him and never received any money from him in payment of whisky except what he ordered and to accompany the order. On cross-examination, he testified that Blagg never paid him

75 cents for whisky but did pay him about 75 or 80 cents for storage charges and express on whisky. It was shown that appellant had Internal Revenue license as a retail liquor dealer. His explanation of having such license is that he was not engaged in selling whisky or beer, but that he was selling cider and that he had been told by the United States Revenue Agent that in order to sell cider he must have license as a retail liquor dealer. It was shown by Blagg that he never gave appellant $1.50 and asked him to order him a quart of whisky, except on one occasion; he also denied having at any time paid any express charges or storage. We think the facts taken together in view of all the circumstances show an open violation of the law and that the jury under the testimony adduced in the case, could have done nothing else than to return a verdict as they have done.

3. A motion is made in this count by the State to make the punishment in this case cumulative. It is shown in the motion that appellant was convicted in two cases in the County Court of Brown County, and that in entering the judgment, in the court below the clerk failed to make the imprisonment here assessed cumulative, and it is sought to amend the judgment in this respect in this court. We do not believe that under the law, and having regard for the functions and the nature of this court as a court of appeals only, that we should or can grant this motion. Our duty we think, is ended when we have passed on the legality of the proceedings of the court below, leading up to the conviction of the appellant and we would probably be without the authority to undertake, in this court, to reform the judgment of the court below by making its sentence cumulative. Finding no error in the judgment of the court below, it is ordered affirmed.

*Affirmed.*